# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| HERMAN S. SIMMS, SR., | * |
| Plaintiff, | * |
| v. | * Civil Case No. ELH-13-1178 |
| COMMISSIONER, SOCIAL SECURITY, | * |
| Defendant. | * |

*******

## MEMORANDUM

Following an unfavorable decision in his Social Security appeal, on January 22, 2014, *pro se* Plaintiff Herman S. Simms filed a letter with the Clerk of the Court, ECF No. 20, which I have construed as a Motion to Alter or Amend Judgment and Motion for Extension of Time. For the reasons that follow, Mr. Simms's motion will be denied.

After exhausting his administrative appeals, on April 12, 2013, Mr. Simms petitioned this Court to review the Social Security Administration's final decision to deny his claims for Disability Insurance Benefits and Supplemental Security Income. ECF No. 1. His case was referred to Magistrate Judge Stephanie Gallagher for pretrial management and a Report and Recommendations ("R & R"). ECF No. 10. Judge Gallagher approved a Scheduling Order that set a deadline of August 30, 2013 for Mr. Simms to submit a Motion for Summary Judgment. ECF No. 13. Mr. Simms did not file a motion or communicate a reason for failing to do so. A Rule 12/56 letter was mailed to Mr. Simms on October 30, 2013, after the Commissioner filed a Motion for Summary Judgment. ECF No. 16. The Rule 12/56 letter warned that if the Commissioner's motion were granted, "it could result in the dismissal of your case or the entry of judgment against you[,]" and it notified Mr. Simms of his right to file a response within

seventeen days from the date of the letter. *Id.* Mr. Simms did not file a written response to the letter, but instead mailed to the Court an unsigned magistrate consent form, copies of electronic filings that were sent to him from the U.S. Attorney, and a copy of the Scheduling Order. ECF No. 17. Judge Gallagher returned those materials to Mr. Simms with a letter explaining that the unsigned magistrate consent form was deficient. *Id.*

On December 27, 2013, Judge Gallagher filed an R & R, recommending that the Commissioner's Motion for Summary Judgment be granted. ECF No. 18. The R & R explicitly stated that Mr. Simms had fourteen days to file any objections to it. *Id.* After receiving no objections or communications from Mr. Simms, I agreed with Judge Gallagher's rationale, and granted the Commissioner's Motion for Summary Judgment on January 15, 2014. ECF No. 19.

Courts are charged with liberally construing the filings and arguments of a self-represented litigant to allow for the development of a potentially meritorious claim. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Mr. Simms filed his letter twenty-six days after the entry of the R & R, and thereby violated the fourteen-day deadline for filing objections. *See* Local Rule 301.5(b) (D. Md. 2011). Moreover, his letter requests additional time to develop evidence in support of his case. ECF No. 20. Therefore, the letter is more appropriately considered as a Motion to Alter or Amend Judgment and a request for extension of time, rather than as plaintiff's objections to the findings and recommendations of the magistrate judge.[1]

Under Rules 59 or 60, a movant may request that a court alter or amend its judgment, or relieve a party from final judgment based, *inter alia*, on "mistake, inadvertence, surprise, or excusable neglect[.]" Fed. R. Civ. P. 59(e) & 60(b). One basis for amendment is to account for new evidence not available at trial. *See Gagliano v. Reliance Standard Life Ins. Co.*, 547 F.3d

---

[1] As a Motion to Alter or Amend, Mr. Simms's motion was timely filed. *See* Fed. R. Civ. P. 59(b) & 60(c)(1).

2

230, 241 n.8 (4th Cir. 2008); Fed. R. Civ. P. 60(b)(2). However, a Rule 59(e) motion may not be used "to enable a party to complete presenting his case after the court has ruled against him." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (quoting *In re: Reese*, 91 F.3d 37, 39 (7th Cir. 1996)). Where a party presents newly discovered evidence in support of its Rule 59(e) motion, it "must produce a legitimate justification for not presenting the evidence during the earlier proceeding." *Id.* (internal citations and quotation marks omitted). "In general, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Id.* (internal citations and quotation marks omitted).

Mr. Simms's letter states that he received a medical assistance card in the beginning of January 2014, and that he is now able to visit doctors who he presumes will be able to provide medical evidence to support his claim. ECF No. 20. However, a district court is prohibited from considering evidence that was not before the Commissioner. *Miller v. Barnhart*, 64 F. App'x 858, 859 (4th Cir. 2003). As plaintiff appears without counsel, I will construe his letter as making the alternative argument that this Court should extend the deadline for a motion to reconsider so that he may gather evidence to support a remand to the Commissioner in light of additional evidence. However, it is unlikely that evidence that has not yet been developed in 2014 will be relevant in assessing whether Mr. Simms was disabled in the period between his alleged disability onset date of February 28, 2007, and the administrative law judge's decision, issued on February 23, 2012. *See Lewis v. Astrue*, 937 F. Supp. 2d 809, 825 (S.D.W. Va. 2013) (finding evidence that postdated an ALJ's decision did not meet the requirements for a Sentence Six remand under 28 U.S.C. §405(g) and *Borders v. Heckler*, 777 F.2d 954, 955 (4th Cir. 1985)). Thus, I decline to grant Mr. Simms's Motion to Alter or Amend and Motion for Extension of Time.

Mr. Simms has the right to file an appeal to the Fourth Circuit within sixty days of the docketing of the Order implementing this Memorandum. Fed. R. App. P. 4(a)(1)(B) & 4(a)(4)(A). A separate Order follows.

Dated: January 27, 2014 /s/
Ellen L. Hollander
United States District Judge